UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **NATIONWIDE MUTUAL INSURANCE COMPANY,** § § § | |
| **Plaintiff,** § § | |
| **v.** § § | CIVIL ACTION NO. _____ |
| **HIU LAM COOKIE CHOI and BRANDON NG,** § § § | |
| **Defendants.** § § | |

## PLAINTIFF NATIONWIDE MUTUAL INSURANCE COMPANY'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, Plaintiff Nationwide Mutual Insurance Company ("Plaintiff" or "Nationwide") petitions this Court for declaratory judgment that Homeowner Policy Number 78 42 HR 178228 and Personal Umbrella Policy Number 7842PU521693 afford no coverage for claims that may have arisen as a result of the lawsuit filed by Steven Kowalski against Brandon Chun Yin Ng and Hiu Lam Cookie Choi and captioned as Case No. 2021-023426-CA-01 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Specifically, Plaintiff seeks a declaration that it has no obligation under the policies to defend or indemnify against claims and damages arising out of the alleged theft by Brandon Ng and Hiu Cookie Coi of Kowalski's cryptocurrency known as Bitcoin. In support of this Complaint for Declaratory Judgment, Nationwide would show as follows:

## I.     PARTIES AND SERVICE

1.1     Plaintiff Nationwide is an insurer incorporated under the laws of the State of Ohio and has its principal place of business in Columbus, Ohio.

1.2     Defendant Hiu Lam Cookie Choi is an individual that resides in Harris County, Texas and may be served with process at 1907 Kingston Meadow Ln, Katy, Texas 77494.

1.3     Defendant Brandon Ng is an individual that resides in Harris County, Texas and may be served with process at 1907 Kingston Meadow Ln, Katy, Texas 77494.

## II.     JURISDICTION AND VENUE

2.1     The Court has jurisdiction over this matter under the Declaratory Judgment Act, 28 U.S.C. § 2201, and upon complete diversity of citizenship pursuant to 28 U.S.C. § 1332.  This is a civil action and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2.2     Venue is proper in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(b)(1) because all defendants are residents of Texas and the defendants reside within this judicial district.

## III.     FACTUAL BACKGROUND

3.1     Nationwide seeks declaratory judgment from this Court that there is no coverage under Homeowner Policy Number 78 42 HR 178228 issued to Choi and Ng (the "Homeowner Policy") and Personal Umbrella Policy Number 7842PU521693 (the "Umbrella Policy").  Because there is no coverage under either the Homeowner Policy or Umbrella Policy, Nationwide seeks declaratory judgment from this Court that it has no duty to defend or indemnify in the underlying lawsuit filed by Kowalski.

### A. The Underlying Lawsuit

3.2 This insurance coverage action arises from an underlying lawsuit styled *Steven Paul Kowalski v. Binance Holdings Ltd., et al.*, Cause No. 2021-023426-CA-01, in the Circuit Court of the Eleventh Judicial Circuit In and For Miami-Dade County, Florida (the "Underlying Lawsuit"). Choi and Ng, the named insureds under the Policies, have been named as defendants in the Underlying Lawsuit. A true and correct copy of Plaintiff's Original Complaint in the Underlying Lawsuit is attached hereto as Exhibit A and fully incorporated herein by reference.

3.3 Steven Paul Kowalski ("Kowalski"), Plaintiff in the Underlying Lawsuit, alleges that between October 2014 and December 2014, he purchased a total of 1,532 of the cryptocurrency known as Bitcoin for approximately $500,000.00 that initially stored within a Bitcoin wallet known as MultiBit. The Complaint alleges that the Bitcoin wallet contains the private keys required to sign Bitcoin transactions. In December 2017, Kowalski alleges that he transferred 1,400.00009854 of his Bitcoin to an "Electrum wallet" that he believed to be more secure. Plaintiff alleges that he maintained the private keys for the Bitcoin on a universal serial bus ("USB") storage drive.

3.4 The Complaint alleges that in August 2020, the individual defendants (including Ng, Choi, Wai Kit Loi, Lee Kei Lau, Nurlan Neqmat Ogly Gulieve, and Oksana Aleksandrovna Dolgopolova) agreed to work together to steal Bitcoin from users who use an "Electrum wallet" by executing a malware attack, laundering the Bitcoin, and then dissipating the stolen Bitcoin. On August 29, 2017, the Complaint alleges that Plaintiff connected the USB drive to his new laptop, installed the Electrum software, and was unknowingly connected to a malicious Electrum X server controlled by the individual defendants. Plaintiff claims that the individual defendants, particularly Ng, hacked into his laptop in Florida and gained control over Plaintiff's Electrum

wallet. It is alleged that the individual defendants stole all of Plaintiff's Bitcoin, worth at the time approximately $16 million. Binance, a cryptocurrency exchange, learned about the theft and claimed it would block the stolen Bitcoin from its exchange, but Plaintiff alleges that Binance instead actively joined the conspiracy and laundering of Plaintiff's property.

3.5 It is alleged that the stolen Bitcoin were used to buy Monero, another digital currency, and the Monero was then withdrawn from the individual defendants' Binance accounts. The overwhelming majority of these transactions came from Ng and Choi, according to the Complaint. Plaintiff alleges that Kraken participated in the laundering of Plaintiff's property by allowing the individual defendants to keep and trade the stolen property in their Kraken accounts, refusing the implement proper protocols, and concealing material information from Plaintiff.

3.6 The Original Complaint in the Underlying Lawsuit pleads causes of action against Choi and Ng for civil conspiracy, conversion, civil theft, fraud, and unjust enrichment.

**B.     The Homeowner Policy**

3.7 Nationwide issued the Homeowner Policy, which has a policy period from April 21, 2021 through April 21, 2022, to Choi and Ng. A true and correct copy of the Homeowner Policy in effect is attached hereto as Exhibit B and fully incorporated herein by reference.

3.8 The Policy provides in relevant part:

* * *

    **DEFINITIONS**

    **B.**    Throughout this policy, "you" and "your" refer to:

        **a.** The "named insured" shown in the Declarations;
        **b.** The spouse if a resident of the same household;
        **c.** The civil partner of the named insured by Civil Union or Registered Domestic Partnership filed and recognized by the state if a resident of the same household; or
        **d.** A "Domestic partner".

       If the spouse or civil partner who has entered into a Civil Union or Registered Domestic Partnership with the named insured ceases to be a resident of the same household during the policy period or prior to the inception of this policy, the spouse or civil partner will be considered "you" and "your" under this policy but only until the earlier of:

    **a.**  The end of 90 days following the spouse's or civil partner's change of residency;
    **b.**  The effective date of another policy listing the spouse or civil partner as a named insured; or
    **c.**  The end of the policy period.

* * *

**C.**  In addition, certain words and phrases are defined as follows:

* * *

**4.**  "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results. "Bodily injury" does not include emotional distress, mental anguish, humiliation, mental distress or injury, or any similar injury unless the direct result of bodily harm.

**5.**  "Business" means:

    **a.**  A trade, profession or occupation, including self-employment, engaged in on a full-time, part-time or occasional basis; or
    **b.**  Any other activity engaged in for money or other compensation, except the following:

        **(1)**  One or more activities, not described in **(2)** through **(4)** below, for which no "insured" receives more than $2,000 in total gross compensation for the 12 months before the beginning of the policy period;
        **(2)**  Volunteer activities for which no money is received other than payment for expenses incurred to perform the activity;
        **(3)**  Providing home day care services for which no compensation is received, other than the mutual exchange of such services; or
        **(4)**  The rendering of home day care services to a relative of an "insured".

* * *

**8.**  "Insured" means:

    **c.**  You and residents of your household who are:

        **(5)**  Your relatives; or
        **(6)**  Other persons under the age of 21 and in your care or the care of a resident of your household who is your relative;

    **d.** A student enrolled in school full-time, as defined by the school, who was a resident of your household before moving out to attend school, provided the student is under the age of:

        **(1)** 24 and your relative; or
        **(2)** 21 and in your care or the care of a resident of your household who is your relative;

    **e.** Under Section **II**:

        **(1)** With respect to animals or watercraft to which this policy applies, any person or organization legally responsible for these animals or watercraft which are owned by you or any person described in **8.a.** or **b.** "Insured" does not mean a person or organization using or having custody of these animals or watercraft in the course of any "business" or without consent of the owner; or

        **(2)** With respect to a "motor vehicle" to which this policy applies:

            **(a)** Persons while engaged in your employ or that of any person described in **8.a.** or **b.**; or
            **(b)** Other persons using the vehicle or an "insured location" with your consent.

    Under both Sections **I** and **II**, when the word an immediately precedes the word "insured", the words an "insured" together mean one or more "insureds".

                \* \* \*

**11.** "Occurrence" means an accident, including continuous or repeated exposure to the same general harmful conditions, which results, during the policy period, in:

    **a.** "Bodily injury"; or
    **b.** "Property damage".

                \* \* \*

**13.** "Property damage" means physical injury to, or destruction of or loss of use of tangible property.

                \* \* \*

**SECTION II – LIABILITY COVERAGES**

**A. Coverage E – Personal Liability**

If a claim is made or a suit is brought against an "insured" for damages due to an "occurrence" resulting from negligent personal acts or negligence arising out of the ownership, maintenance or use of real or personal property, we will:

1. Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and

2. Provide a defense at our expense by counsel of our choice. We may investigate and settle any claim or suit. Our duty to settle or defend ends when our limit of liability for the "occurrence" has been exhausted by payment of a judgment or settlement.

\* \* \*

**SECTION II – EXCLUSIONS**

\* \* \*

E. **Coverage E - Personal Liability And Coverage F - Medical Payments To Others**

Coverages **E** and **F** do not apply to the following:

1. **Expected Or Intended Injury**

"Bodily injury" or "property damage" which is expected or intended by an "insured", even if the resulting "bodily injury" or "property damage":

a. Is of a different kind, quality or degree than initially expected or intended; or
b. Is sustained by a different person, entity or property than initially expected or intended.

However, this Exclusion **E.1.** does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force by an "insured" to protect persons or property;

\* \* \*

3. **"Business"**

a. "Bodily injury" or "property damage" arising out of or in connection with a "business" conducted from an "insured location" or engaged in by an "insured", whether or not the "business" is owned or operated by an "insured" or employs an "insured".

This exclusion **E.3.** applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised owed, or implied to be provided because of the nature of the "business".

b. This exclusion **E.3.** does not apply to:

(1) The rental or holding for rental of an "insured location";

(a) On an occasional basis if used only as a residence;

    **(b)** In part for use only as a residence, unless a single-family unit is intended for use by the occupying family to lodge more than two roomers or boarders; or

    **(c)** In part, as an office, school, studio or private garage; and

**(2)** An "insured" under the age of 21 years involved in a part-time or occasional self-employed "business" with no employees.

* * *

## SPECIAL PROVISIONS – TEXAS

* * *

## SECTION II – EXCLUSIONS

* * *

Paragraph **F.7.** has been replaced by the following:

7. Liability for any of the following:

   **a.** Judgments;
   **b.** Costs; or
   **c.** Claims;

against an "insured" for punitive or exemplary damages.  Punitive or exemplary damages also include any damages awarded pursuant to statute in the form of double, treble or other multiple damages in excess of compensatory damages.  In addition, coverage does not apply for restitution, if the result of a criminal court order.  This exclusion does not apply to the extent liability coverage would apply in the absence of the order of restitution.

* * *

## SECTIONS I AND II – CONDITIONS

* * *

**C. Fraud And Misrepresentation**

To the extent permitted by Texas Insurance Code section 705.003 and 705.004:

**a.** This policy was issued in reliance on the information you provided at the time of your application for insurance coverage.  We may void this policy, deny coverage under this policy, or, at our election, assert any other remedy available under applicable law, if you or any "insured" person seeking coverage under this policy knowingly concealed, misrepresented, or omitted any material fact or engaged in fraudulent conduct at the time the application was made or at any time during the policy period.

**b.** We may void this policy, deny coverage for an accident or loss, or, at our election, assert any other remedy available under applicable law, if any "insured" person or

**PLAINTIFF NATIONWIDE MUTUAL INSURANCE COMPANY'S**
**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**    Page 8
10048127v1
00122.052

     any other person seeking coverage under this policy has knowingly concealed or misrepresented any material fact or engaged in fraudulent conduct in connection with the filing or settlement of any claim.

  c.  No person or organization who engages in fraudulent conduct in connection with the application process, an accident or filing a claim, or engages in any material misrepresentation regarding the issuance of this policy shall be entitled to receive any payment under this policy at any time.

* * *

**D.    The Umbrella Policy**

    3.8    Nationwide issued the Umbrella Policy to Ng and Choi, which had a policy period from July 26, 2021 to April 21, 2022. A true and correct copy of the Umbrella Policy in effect is attached hereto as Exhibit C and fully incorporated herein by reference.

    3.9    The Umbrella Policy provides in relevant part:

* * *

**DEFINITIONS**

* * *

2.    Throughout this policy, "you" and "your" refer to:

    e.  The "named insured" shown in the Declarations;
    f.  The spouse if a resident of the same household;
    g.  The civil partner of the named insured by Civil Union or Registered Domestic Partnership filed and recognized by the state if a resident of the same household; or
    h.  A "Domestic partner".

If the spouse or civil partner who has entered into a Civil Union or Registered Domestic Partnership with the named insured ceases to be a resident of the same household during the policy period or prior to the inception of this policy, the spouse or civil partner will be considered "you" and "your" under this policy but only until the earlier of:

    d.  The end of 90 days following the spouse's or civil partner's change of residency;
    e.  The effective date of another policy listing the spouse or civil partner as a named insured; or
    f.  The end of the policy period.

* * *

3. "Insured" means:

   f. You.
   g. A "family member".
   h. Any person using an "auto", "recreational motor vehicle", or watercraft, which is owned by you and covered under this Policy. Any person using a temporary substitute for such "auto" or "recreational motor vehicle" is also an "insured".
   i. Any other person or organization but only with respect to the legal responsibility for acts or omissions of you or any "family member" while you or any "family member" is using an "auto" or "recreational motor vehicle" covered under this Policy. However, the owner or lessor of an "auto" or "recreational motor vehicle" loaned to or hired for use by an "insured" or on an "insured's" behalf, is not an "insured".
   j. With respect to animals owned by your or any "family member", any person or organization legally responsible for such animals. However, a person or organization using or having custody of such animals in the course of any "business" or without the consent of the owner is not an "insured".

\* \* \*

7. "Listed underlying policy" means an insurance policy identified on the Declarations which provides required underlying insurance coverage, or its replacement. You must notify us of the replacement as soon as practicable.

\* \* \*

8. "Occurrence(s)" means an accident including continuous or repeated exposure to the same general harmful conditions. It must result in "bodily injury", "property damage", or "personal injury" caused by an "insured". The "occurrence" resulting in "bodily injury" or "property damage" must be during the policy period. The "occurrence" resulting in the "personal injury" must be due to an offense committed during the policy period.

9. "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results. "Bodily injury" does not include emotional distress, mental anguish, humiliation, mental distress or injury, or any similar injury unless the direct result of bodily harm.

10. "Property damage" means physical injury to, or destruction of or loss of use of tangible property. This includes any resulting loss of its use.

\* \* \*

**COVERAGES**

**EXCESS LIABILITY INSURANCE**

We will pay for damages an "insured" is legally obligated to pay due to an "occurrence" in excess of:

1. The "retained limit"; plus
2. Any other liability insurance available to an "insured" which applies to an "occurrence".

The "bodily injury" or "property damage" must occur during this policy's term. The "personal injury" must be due to an offense committed during this policy's term.

Damages including prejudgment interest awarded against the "insured".

**ADDITIONAL COVERAGES**

1. **CLAIMS DEFENSE**

    a. We will defense a suit against an "insured", with attorneys of our choice, resulting from an "occurrence" covered by this policy.
    b. We may investigate and settle any claim or suit. Our duty to defend a claim or suit ends when the amount we pay for damages equals our limit of liability.
    c. We may join, at our expense, with the "insured" or any insurer who provides coverage for an "occurrence" in a "listed underlying policy" in the investigation, defense and settlement of any claim or suit that we believe may require under this policy.

    However, we will not contribute to costs and expenses incurred by any other insurer who provides coverage in a "listed underlying policy".

2. **CLAIMS EXPENSES**

    We will pay the following, with regard to a covered "occurrence" only, regardless of our limit of liability:

    a. Court costs we incur for defense.
    b. Premiums on appeal bonds and bonds to release attachments in a suit we defend. This does not include bond amounts greater than our limit of liability. We are not obligated to apply for or furnish a bond.
    c. Interest on our share of the judgment. It must accrue:
        (1) After entry of the judgment; and
        (2) Before we pay or deposit in court the part of the judgment which does not exceed our limits of liability.
    d. Reasonable expenses incurred by an "insured" at our request. This includes actual loss of earnings (but not loss of other income). Our payment for lost wages may not exceed $100 per day nor more than a total of $5,000 per "insured".
    e. Expense incurred, with our written consent, for the "insured's" defense. This is when we are prevented by law or other reasons from defending the suit.

    At our option, we may pay an amount which is within the "retained limit" to settle a claim or suit.

    You must promptly repay us the amount we paid. We will notify you of the repayment due.

\* \* \*

**EXCLUSIONS**

Excess liability and additional coverages do not apply to:

1. "Bodily injury" or "property damage" which is expected or intended by an "insured", even if the resulting "bodily injury" or "property damage":

    **a.** Is of a different kind, quality or degree than initially expected or intended; or
    **b.** Is sustained by a different person, entity or property than initially expected or intended.

    However, this Exclusion **(1.)** does not apply to:

    **(1)** "Bodily injury" or "property damage" resulting from the use of reasonable force by an "insured" to protect persons or property; or
    **(2)** "Bodily injury" or "property damage" resulting from the use of reasonable force by an "insured" to prevent or eliminate danger in the operation of "autos", "recreational motor vehicles" or watercraft;

\* \* \*

6. "Bodily injury," "personal injury" or "property damage" arising out of or in connection with a "business":

    **a.** Engaged in by an "insured"; or
    **b.** Conducted from:

        **(1)** Any part of a premises owned by or rented to an "insured"; or
        **(2)** Vacant land owned by or rented to an "insured".

    This exclusion **(6.)** applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the "business"

    However, this Exclusion **(6.)** does not apply to:

    **(1)** The renal or holding for rental of:

        **(a)** The residence premises shown in the Declarations:

            **(i)** On an occasional basis if used only as a residence;
            **(ii)** In part, for use only as a residence, unless a single-family unit is intended for use by the occupying family to lodge more than two roomers or boarders; or
            **(iii)** In part, as an office, school, studio or private garage;

    **(b)** Any part of a one- to four-family dwelling, other than the residence premises, to the extent that personal liability coverage is provided by "underlying insurance";

    **(c)** A condominium, cooperative, or apartment unit, other than the residence premises, to the extent that personal liability coverage is provided by "underlying insurance";

**(2)** Civic or public activities performed by an "insured" without compensation other than reimbursement of expenses;

**(3)** An insured minor involved in self-employed "business" pursuits, which are occasional or part-time and customarily undertaken on that basis by minors. A minor means a person who has not attained his or her:

    **(a)** 18th birthday; or
    **(b)** 21st birthday if a full-time student

* * *

**SPECIAL PROVISIONS – TEXAS**

* * *

**EXCLUSIONS**

* * *

**24.** Any of the following:

**a.** Judgments;
**b.** Costs; or
**c.** Claims

against an "insured" for punitive or exemplary damages. Punitive or exemplary damages also include any damages awarded pursuant to statute in the form of double, treble or other multiple damages in excess of compensatory damages. In addition, coverage does not apply for restitution, if the result of a criminal court order. This exclusion does not apply to the extent the liability coverage would apply in the absence of the order of restitution.

* * *

**POLICY CONDITIONS**

* * *

1. Fraud And Misrepresentation

   To the extent permitted by Texas Insurance Code section 705.003 and 705.004:

   **d.** This policy was issued in reliance on the information you provided at the time of your application for insurance coverage. We may void this policy, deny coverage under this policy, or, at our election, assert any other remedy available under

    applicable law, if you or any "insured" person seeking coverage under this policy knowingly concealed, misrepresented, or omitted any material fact or engaged in fraudulent conduct at the time the application was made or at any time during the policy period.

  e. We may void this policy, deny coverage for an accident or loss, or, at our election, assert any other remedy available under applicable law, if any "insured" person or any other person seeking coverage under this policy has knowingly concealed or misrepresented any material fact or engaged in fraudulent conduct in connection with the filing or settlement of any claim.

  f. No person or organization who engages in fraudulent conduct in connection with the application process, an accident or filing a claim, or engages in any material misrepresentation regarding the issuance of this policy shall be entitled to receive any payment under this policy at any time.

* * *

## IV. NO COVERAGE UNDER THE POLICIES

  4.1 Nationwide seeks a declaration that it has no duty under the Homeowner Policy or Umbrella Policy to defend or indemnify Choi or Ng in connection with the Underlying Lawsuit or any related claims on the basis that the allegations asserted against Choi or Ng do not trigger any duty to defend and on the basis that coverage is excluded under the Homeowner Policy or Umbrella Policy.

  4.2 There is no coverage under the Policy. The Personal Liability coverage of the Homeowner Policy only covers damages due to an "occurrence" resulting from the negligent personal acts or negligence arising out of the ownership, maintenance or use of real or personal property. *See* Exhibit B. Likewise, the Umbrella Policy only applies to suits resulting from an "occurrence." *See* Exhibit C. Both the Homeowner Policy and Umbrella Policy define "occurrence" as "an accident[,] . . . which results in . . . bodily injury or property damage." *See* Exhibits B, C. As pled in the Complaint in the Underlying Lawsuit, however, Kowalski's damages arise from the conspiracy, theft, and money laundering of Choi and Ng with respect to Kowalski's Bitcoin. *See* Exhibit A. Such acts are intentional and not the result of accidental conduct.

Accordingly, the allegations do not meet the insuring agreement of the Homeowner Policy or Umbrella Policy.

4.3     Similarly, the insuring agreement of the Homeowners Policy and the Umbrella Policy affords coverage for an "occurrence" resulting in "bodily injury" or "property damage". The allegations and damages as plead in the Underlying Lawsuit against Choi and Ng do not constitute "bodily injury" or "property damage".   Accordingly, the allegations do not meet the insuring agreement of the Homeowner Policy or Umbrella Policy.

4.4     Both the Homeowner Policy and Umbrella Policy contain conditions precluding coverage for knowingly concealing, misrepresenting, or omitting any material fact at the time of policy application.  *See* Exhibits B, C.  The Complaint alleges that Choi and Ng, along with the other individual defendants in the Underlying Lawsuit, agreed to work together to steal Bitcoin from users in August 2020 and that Kowalski downloaded the allegedly malicious software on August 29, 2020.  The Homeowner Policy incepted on April 21, 2021 and the Umbrella Policy incepted on July 28, 2021.  To the extent Choi and Ng knowingly concealed, misrepresented, or omitted the facts of the alleged loss at the time of policy application, there is no coverage available under either the Homeowner Policy or Umbrella Policy.  Additionally, or in the alternative, Nationwide seeks a declaration that the Homeowners Policy and Umbrella Policy are void pursuant to the misrepresentation and concealment or omission of material facts made by Choi and Ng in the policy application.

4.5     Moreover, to the extent Choi and Ng were aware or should have been aware of a known loss at the time the Homeowner and/or Umbrella Policies were issued, the doctrine of fortuity precludes coverage for Choi and Ng in the Underlying Lawsuit.

4.6     Several Policy exclusions also apply under both the Homeowner Policy and Umbrella Policy. First, the Homeowner Policy's Exclusion E.1. precludes coverage of "property damage . . . which is expected or intended by an 'insured.'" *See* Exhibit B. Exclusion (1.) of the Umbrella Policy likewise excludes coverage for property damage that is expected or intended by an "insured." *See* Exhibit C. The Complaint alleges that the defendants were in a conspiracy to commit theft of Kowalski's Bitcoin and thereafter launder the money; Kowalski asserts claims against Ng and Choi that include civil conspiracy, conversion, theft, and fraud. *See* Exhibit A. Moreover, the Complaint alleges that Choi and Ng "intentionally took possession of and assumed control over the Stolen Bitcoin," that they "knew that the property they received was stolen or obtained in a manner constituting theft," and that they knowingly obtained Kowalski's Bitcoin with the intent to permanently deprive him of its use. *Id.* Intentional conduct is expressly excluded under the Homeowner and Umbrella Policies.

4.7     Policy Exclusion E.3 of the Homeowner Policy pertaining to damage in connection with a "business" is triggered. The Business Exclusion provides that there is no coverage for "bodily injury" or "property damage" arising out of or in connection with a "business" conducted from an "insured location" or engaged in by an "insured." Likewise, Exclusion (6.) of the Umbrella Policy excludes coverage for "bodily injury" or "property damage" arising out of or in connection with a "business" conducted from an "insured location" or engaged in by an "insured." To the extent the allegations in the Underlying Lawsuit arise out of or in connection with a "business" conducted from an "insured location" or engaged in by an "insured," there is no coverage available under either the Homeowner or Umbrella Policies. The Complaint alleges that Choi and Ng worked in concert with others to deprive Kowalski of his Bitcoin. Nationwide thus no duty to defend or indemnify.

4.8     Finally, Policy Exclusion F.7 as modified by the Special Provisions – Texas endorsement of the Homeowner Policy and Exclusion 24 as modified by the Special Provisions – Texas endorsement of the Umbrella Policy pertaining to punitive or exemplary damages are triggered.  The Punitive or Exemplary Exclusion under both policies provides that there is no coverage for liability for judgments, costs, or claims against an "insured" for punitive or exemplary damages.  The Complaint seeks treble damages as well as exemplary damages.  *See* **Exhibit "A."**  Both the Homeowner and Umbrella Policies expressly exclude coverage for liability for judgments, costs, or claims against an "insured" for punitive or exemplary damages.  Based on the foregoing reasons, Nationwide has no duty to indemnify Choi or Ng in the Underlying Lawsuit for any punitive or exemplary damages.

## V.     REQUEST FOR DECLARATORY RELIEF

5.1     Nationwide requests declaratory judgment that there is no coverage under the Homeowner Policy or Umbrella Policy for any claims that may have arisen as a result of the alleged Bitcoin theft.  Specifically, Nationwide seeks a declaration that it has no duty to defend or indemnify Choi or Ng in the Underlying Lawsuit.

## VI.    RIGHT TO ASSERT ADDITIONAL BASES AND AMEND

6.1     Nationwide is not waiving any rights or defenses under the Homeowner Policy or Umbrella Policy or any other insurance policies by filing this declaratory action.  Additionally, Nationwide is not waiving the right to assert and/or amend this complaint to assert any additional basis for no coverage under the policy or policies and/or for no duty to defend or indemnify Choi or Ng, or any other party with respect to any claims asserted in the Underlying Lawsuit.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Nationwide Mutual Insurance Company prays that the Court grant the relief requested above, its costs of court, and such other and further relief to which it may justly be entitled.

Respectfully submitted,

*/s/ Rhonda J. Thompson*
Rhonda J. Thompson
Attorney-In-Charge
State Bar No. 24029862
Southern Dist. No. 17055
Brett D. Gardner
Of Counsel
State Bar No. 24078539
Southern Dist. No. 3016873

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
Plaza of the Americas
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
Email: rthompson@thompsoncoe.com
Email: bgardner@thompsoncoe.com

**ATTORNEYS FOR PLAINTIFF**
**NATIONWIDE MUTUAL INSURANCE COMPANY**

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Nationwide Mutual Insurance Company

## DEFENDANTS
Hiu Lam Cookie Choi and Brandon NG

**(b)** County of Residence of First Listed Plaintiff: Franklin
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Harris
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Rhonda Thompson, Thompson, Coe, Cousins & Irons, LLC, 700 N. Pearl St., 25th Floor, Dallas, TX 75201
214.871.8200

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [x] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sections 2201 and 2202 and 28 U.S.C. Section 1332
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: April 13, 2022

SIGNATURE OF ATTORNEY OF RECORD: /s/ Rhonda J. Thompson

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____