United States District Court
Southern District of Texas
**ENTERED**
July 25, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff, | § § § § § | CIVIL ACTION NO 4:22-cv-01231 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| HIU LAM COOKIE CHOI and BRANDON NG, Defendants. | § § § | |

OPINION AND ORDER
GRANTING SUMMARY JUDGMENT

The motion by Plaintiff Nationwide Mutual Insurance Company for summary judgment is granted. Dkt 19. The cross-motion by Defendants Hiu Lam Cookie Choi and Brandon Ng for summary judgment is denied. Dkt 20.

1. Background

Plaintiff Nationwide Mutual Insurance Company issued a homeowner policy and a personal-liability umbrella policy to Defendants Hiu Lam Cookie Choi and Brandon Ng. The pertinent language of each is largely identical. Compare Dkt 19-1 at 11–76 (homeowner policy), with Dkt 19-2 at 11–34 (umbrella policy).

The policies provide that Nationwide will pay its limit of liability and provide a defense if a suit is brought against the insured for damages incurred due to an "'occurrence' resulting from negligent personal acts." See Dkt 19-1 at 36. An *occurrence* is defined as "an accident . . . which results, during the policy period, in . . . 'property damage.'" See id at 14.

Nationwide filed this declaratory judgment action to establish that it has no duty to defend or indemnify in an underlying lawsuit brought by Steven Kowalski against Choi, Ng, and others in Florida state court. Dkt 19 at 1–2. Kowalski alleges in that action that Choi and Ng worked together in August 2020 to steal approximately 1,400 of his Bitcoin through a malware attack—with the Bitcoin being worth more than eighty million dollars at the time of filing. See Dkt 19-3. His claims for relief in that lawsuit include civil conspiracy, conversion, civil theft, and unjust enrichment. See id at ¶¶ 223–80.

Both Nationwide and Choi and Ng have moved for summary judgment on the sole issue of whether the duties to defend and indemnify are triggered under the policies. Dkts 19 & 20.

2. Legal standard

Rule 56(a) of the Federal Rules of Civil Procedure requires a court to enter summary judgment when the movant establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is material if it "might affect the outcome of the suit under the governing law." *Sulzer Carbomedics Inc v Oregon Cardio-Devices Inc*, 257 F3d 449, 456 (5th Cir 2001), quoting *Anderson v Liberty Lobby Inc*, 477 US 242, 248, 106 S Ct 2505, 91 L Ed 2d 202 (1986). And a dispute is genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v CCC & R Tres Arboles LLC*, 736 F3d 396, 400 (5th Cir 2013), quoting *Anderson*, 477 US at 248, 106 S Ct 2505.

The summary judgment stage doesn't involve weighing evidence or determining the truth of the matter. The task is solely to determine whether a genuine issue exists that would allow a reasonable jury to return a verdict for the nonmoving party. *Smith v Harris County*, 956 F3d 311, 316 (5th Cir 2020), quoting *Anderson*, 477 US at 248, 106 S Ct 2505. Disputed factual issues must be resolved in favor of the nonmoving party. *Little v Liquid Air Corp*, 37 F3d 1069, 1075 (5th Cir 1994). All reasonable inferences must also be

2

drawn in the light most favorable to the nonmoving party. *Connors v Graves*, 538 F3d 373, 376 (5th Cir 2008), citing *Ballard v Burton*, 444 F3d 391, 396 (5th Cir 2006).

The moving party typically bears the entire burden to demonstrate the absence of a genuine issue of material fact. *Nola Spice Designs LLC v Haydel Enterprises Inc*, 783 F3d 527, 536 (5th Cir 2015); see also *Celotex Corp v Catrett*, 477 US 317, 322–23, 106 S Ct 2548, 91 L Ed 2d 265 (1986). But when a motion for summary judgment by a defendant presents a question on which the plaintiff bears the burden of proof at trial, the burden shifts to the plaintiff to proffer summary judgment proof establishing an issue of material fact warranting trial. *Nola Spice*, 783 F3d at 536. To meet this burden of proof, the evidence must be both "competent and admissible at trial." *Bellard v Gautreaux*, 675 F3d 454, 460 (5th Cir 2012).

When parties file opposing motions for summary judgment on the same issue, the court reviews each motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party. *Amerisure Insurance Co v Navigators Insurance Co*, 611 F3d 299, 304 (5th Cir 2010). Each movant must establish that no genuine dispute of material fact exists, such that judgment as a matter of law is in order. Ibid; see also *Tidewater Inc v United States*, 565 F3d 299, 302 (5th Cir 2009).

3.   Analysis

The policies cover negligent conduct in all pertinent respects, nothing more. By comparison, the underlying action alleges only intentional conduct by Choi and Ng. Nationwide thus has no duty to defend or to indemnify them.

a.   Duty to defend

The eight-corner rule determines whether an insurance company has the duty to defend an insured in an underlying action. That rule requires courts to compare the allegations in the underlying action to the terms of the insurance policy. *National Union Fire Insurance Co v*

*Merchants Fast Motor Lines Inc*, 939 SW2d 139, 141 (Tex 1997, *per curiam*).

The underlying action here plainly alleges intentional conduct—that Choi and Ng stole Kowalski's Bitcoin through a malware attack. See Dkt 19-3. But the insurance policies only cover damages arising from an *occurrence* resulting from *negligent conduct*. See Dkt 19-1 at 36. And *occurrence* is further defined as "an *accident* . . . which results in . . . 'property damage.'" Dkt 19 at 7–8. Though *accident* isn't itself defined, the Texas Supreme Court has defined the term to mean "a fortuitous, unexpected, and *unintended* event." *Lamar Homes, Inc v Mid-Continent Cas Co*, 242 SW3d 1, 8 (Tex 2007) (emphasis added).

The intentional theft of Bitcoin constitutes neither negligent nor accidental conduct. It thus falls outside the scope of personal-liability coverage in both policies. Choi and Ng present two weak arguments against this inevitable conclusion.

*First,* they argue that Paragraph 137 of the underlying complaint alleges, in the alternative, that they acted negligently. Dkt 20 at 9–10. The primary allegation in the underlying complaint is that all of the named defendants—including Choi and Ng—participated in a scheme to steal Bitcoin from Kowalski and deposit the Bitcoin in their online cryptocurrency accounts. See Dkt 19-3 at ¶¶ 14, 24, 136. Understood in proper context, Paragraph 137 simply addresses the possibility that these underlying defendants may contend that they were not the original thieves—even though the stolen Bitcoin was transferred to their accounts. The paragraph describes the elaborate correspondence with the original thief that would be required to make such transfers if this were true. It contains no description of accidental or negligent conduct. The intentional nature of the conduct described is quite clear, with the subject paragraph situated under the heading, "The Individual Defendants' Obvious Efforts to Launder Plaintiff's Stolen BTC." Dkt 19-3 at 28 (VI). And more, it's placed below the statement, "There is no plausible innocent explanation for

4

the Individual Defendants' receipt of Stolen Bitcoin into their accounts." Id at ¶ 135.

*Second,* Choi and Ng point to the claim against them for unjust enrichment in the underlying complaint, arguing that it doesn't require proof of intentional acts. True, a claim for unjust enrichment doesn't *always* require such proof. But the variety actually brought by Kowalski certainly does, for he alleges, "Plaintiff conferred a direct benefit upon Defendants by providing the extremely valuable cryptocurrency that Defendants *conspired to steal and thereafter wrongfully retain or dissipate.*" Dkt 19-3 at ¶ 274 (emphasis added). No accidental or negligent conduct is alleged in support of the claim. It thus falls outside the scope of coverage.

Nationwide has no duty to defend Choi and Ng in the underlying lawsuit.

### b. Duty to indemnify

"[T]he duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend *and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.*" *Farmers Texas County Mutual Insurance Co v Griffin*, 955 SW2d 81, 84 (Tex 1997) (emphasis in original).

Nationwide has no duty to defend for the reasons identified above. Those same reasons—that only intentional conduct is alleged in the underlying suit—negate any possibility that Nationwide will have a duty to indemnify Choi and Ng under the homeowner and umbrella policies.

The duty-to-indemnify claim is justiciable, and Nationwide has no duty to indemnify Choi and Ng in the underlying lawsuit.

### 4. Conclusion

The motion by Plaintiff Nationwide Mutual Insurance Company for summary judgment is GRANTED. Dkt 19.

5

 The cross-motion by Defendants Hiu Lam Cookie Choi and Brandon Ng is DENIED. Dkt 20.

 It is DECLARED that Nationwide has no duty to defend or indemnify Choi or Ng under either Homeowner Policy Number 78 42 HR 178228 or Personal Umbrella Policy Number 7842PU521693 in the underlying lawsuit styled *Steven Paul Kowalski v Binance Holdings Ltd, et al*, Cause No 2021-023426-CA-01, pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

 A final judgment will enter by separate order.

 SO ORDERED.

Signed on July 25, 2023, at Houston, Texas.

*[signature]*
Hon. Charles Eskridge
United States District Judge